**PRUDENTIAL BACHE–SECURITIES (HONG KONG) LIMITED and Prudential–Bache International Bank, Limited, Plaintiffs,**

v.

**NATIONAL ASSOCIATION OF SECURITIES DEALERS DISPUTE RESOLUTION, INC., et ano. Defendants.**

No. 03 Civ. 5556(JSR).

United States District Court,
S.D. New York.

Oct. 29, 2003.

Loren Shechter, Esq., Kirkpatrick & Lockhart LLP, New York City, for Plaintiffs.

Terri Reicher, Esq., Associate General Counsel, National Association of Securities Dealers, Inc., Washington, DC, Joseph E. Gasperetti, Law Offices of Joseph Gasperetti, P.C., New York City, for Defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Plaintiffs Prudential–Bache Securities (Hong Kong), Ltd. ("Prudential Hong Kong") and Prudential–Bache International Bank, Ltd. ("Prudential International") seek to enjoin defendant National Association of Securities Dealers Dispute Resolution, Inc. ("NASD Dispute Resolution") from proceeding with an arbitration commenced against them by Milton Ka Hong Leong, M.D. ("Dr.Leong"). In response, the defendants seek to dismiss the claims against them, and Dr. Leong, who intervened as a defendant in the instant action with the consent of all parties and the approval of the Court, seeks an order compelling arbitration.

The pertinent facts are as follows. In the summer of 2000, Dr. Leong, a resident of Hong Kong and citizen of Canada, *see* Intervenor's Answer and Counterclaim ¶ 23, approached Samson Lui, a senior stockbroker at Prudential Hong Kong, to open three brokerage accounts, one with Prudential Securities Incorporated ("Prudential Securities"), one with Prudential Hong Kong, and one with Prudential International. The first two account agreements were signed more or less simultaneously on June 12, 2000, *see id.*, ¶¶ 32–33, and each contained clauses requiring mandatory arbitration of any controversy arising out of or related to the respective accounts. See Affidavit of Joseph E. Gasperetti, sworn to August 8, 2003 ("Gasperetti Aff."), Ex. 1; Affidavit of Gary Anthony Da Silva, sworn to July 28, 2003, ¶ 5. But whereas the agreement relating to the Prudential Securities account required arbitration before "the New York Stock Exchange, Inc., or the National Association of Securities Dealers, Inc. or any other self-regulatory organization of which Prudential Securities Incorporated is a member," Gasperetti Aff., Ex. 1, the agreement relating to the Prudential Hong Kong account required arbitration before the Hong Kong International Arbitration Center. Affidavit of Gary Anthony Da Silva, sworn to July 28, 2003, ¶ 5.

The third account, with Prudential International, was opened a few weeks later, *see* Intervenor's Answer and Counterclaim ¶ 33. Unlike the other two agreements, the agreement relating to the Prudential International account required the resolution of any disputes, not by an arbitral body, but by the High Court of Justice in England. Gasperetti Aff., Ex. 2 at Ex. D.

Roughly two years later, on May 24, 2002, Dr. Leong commenced NASD arbitration pursuant to the Prudential Securities agreement, alleging, *inter alia*, that Lui had effected frequent unauthorized transfers of securities among the three accounts as part of a "churning" scheme to increase his commissions. Gasperetti Aff., Ex. 2 at Ex. D. Named as respondents were not only Prudential Securities and Lui, but also Prudential Hong Kong and Prudential International. *Id.* NASD Dispute Resolution, as the arbitration arm of NASD, Inc., then sent a form letter dated July 22, 2002 to Prudential Hong Kong

and Prudential International, stating that "since you have not signed an agreement to arbitrate, your submission to arbitration must be voluntary" and asking that they indicate whether or not they would therefore submit to arbitration. *See* Complaint, Ex. A. In response, both informed NASD Dispute Resolution that they would not so submit. *See id.*, Exs. B. and C. However, after an arbitration panel was convened, Dr. Leong moved before that panel to compel participation in the arbitration by Prudential Hong Kong and Prudential International, and that motion was granted on July 22, 2003. In response, plaintiffs commenced this lawsuit.

■ At oral argument on the instant motions, counsel for defendant NASD Dispute Resolution affirmed that it took no position on whether plaintiffs' arbitration should be compelled or not and agreed that it would abide by any order of the Court pertaining thereto. *See* transcript, August 21, 2003 at 3. It therefore argued that it should be dismissed from this action. Plaintiffs resisted on the ground that they be able to sue an arbitral tribunal or its sponsor for the wrongful exercise of jurisdiction.

■ However, for reasons already stated from the bench at oral argument, *see* transcript, August 21, 2003, the Court agrees with NASD Dispute Resolution that all claims against it should be dismissed. In particular, the Court concludes that arbitrators and their sponsors are immune from suit for jurisdictional determinations made in their capacity as arbitrators. As the Second Circuit has stated, "the nature of the function performed by arbitrators necessitates protection analogous to that traditionally accorded to judges," *Austern v. Chicago Bd. Options Exchange, Inc.*, 898 F.2d 882 (2d Cir.1990). Accordingly, it is appropriate to extend to arbitrators the same immunity that federal courts currently enjoy from suits based on

the wrongful exercise of jurisdiction. *See International Medical Group, Inc. v. American Arbitration Association, Inc.*, 312 F.3d 833, 843 (7th Cir.2002); *cf. New England Cleaning Services, Inc. v. American Arbitration Association*, 199 F.3d 542 (1st Cir.1999) (establishing arbitral immunity from liability for the inappropriate exercise of jurisdiction unless the demand for arbitration is so deficient on its face as to signal a clear absence of jurisdiction).

■ Turning (with respect to the remaining parties) to the merits of the jurisdictional decision, the Court concludes that, whatever might be argued about the reach of the Prudential Securities arbitration clause in the abstract, here, on Dr. Leong's own theory of the case, that clause must be read in tandem with the corresponding arbitration clause in the Prudential Hong Kong agreement executed at the same time. *See, e.g., Commander Oil Corporation v. Advance Food Service Equipment*, 991 F.2d 49, 53 (2d Cir.1993). Read together, the agreements make plain that disputes regarding Prudential Securities and its account are to be arbitrated before the NASD or a similar body but that disputes regarding Prudential Hong Kong and its account are to be arbitrated before the Hong Kong International Arbitration Center. Similarly, the third agreement, signed a few weeks later, must be read in tandem with the other two, and so read requires that disputes regarding Prudential International and its account not be submitted to arbitration at all but proceed before the English High Court of Justice. While this may occasion some inconvenience to Dr. Leong, the contracts, when read together, admit of no ambiguity and so must be enforced according to their terms. *See, id.; General Electric Co. v. Compagnie Euralair, S.A.*, 945 F.Supp. 527 (S.D.N.Y.1996).

As for Dr. Leong's fallback theory that Prudential Hong Kong and Prudential In-

ternational can be brought into the ongoing arbitration as "agents" of Prudential Securities, the facts alleged by Dr. Leong in support of this theory—chiefly involving the fact that Lui, although an employee of Prudential Hong Kong, serviced all three accounts and that all three corporations ultimately share a corporate parent—do not remotely reach the high threshold that the Second Circuit has set for enforcing arbitration agreements against a nonsignatory on an agency theory. *See Merrill Lynch Investment Managers v. Optibase, Ltd.*, 337 F.3d 125 (2d Cir.2003).

Accordingly, for the foregoing reasons, all claims against defendant NASD Dispute Resolution are dismissed with prejudice, the motion of Prudential Hong Kong and Prudential International to enjoin Dr. Leong from proceeding with arbitration as to them and their accounts is granted, and the counter-motion of Dr. Leong to compel such arbitration is denied with prejudice. Clerk to enter judgment.

SO ORDERED.